*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF STATE TREASURER FOR FORECLOSURE.

STATE TREASURER,

Petitioner-Appellant,

v

WANDA MYERS, JEREMY SCHWERIN, and MICHELLE CORKE,

Claimants-Appellees.

UNPUBLISHED
August 29, 2024

No. 365005
Luce Circuit Court
LC No. 20-006528-CZ

Before: MALDONADO, P.J., and M.J. KELLY and RICK, JJ.

PER CURIAM.

This dispute involves proceeds remaining from the tax-foreclosure sales of properties in which claimants, Wanda Myers, Jeremy Schwerin, and Michelle Corke, held an interest immediately before foreclosure. Petitioner, the State Treasurer, appeals by leave granted[1] three trial court orders granting claimants' separate motions for disbursement of remaining proceeds. Petitioner argues on appeal that the trial court erred by granting claimants' motions because claimants failed to comply with the requirements of MCL 211.78t. Specifically, none of the claimants met the July 1, 2021 statutory deadline for filing a notice of intention to claim remaining proceeds, and claimant Schwerin's motion for disbursement was neither timely nor verified. On the basis of this Court's published opinion in *In re Petition of Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363764), we reverse the trial court's orders and remand for entry of an order denying claimants' motions to disburse remaining proceeds.

---

[1] *In re Petition of State Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered July 5, 2023 (Docket No. 365005).

-1-

# I. FACTUAL BACKGROUND

Claimants owned—or were the heirs of decedents who had owned—properties in Luce County for which back property taxes were owed. Petitioner, acting as the foreclosing governmental unit (FGU), foreclosed on the properties, effective March 31, 2021. The judgment of foreclosure informed claimants that foreclosure did not extinguish their rights to claim any remaining proceeds pursuant to MCL 211.78t. In addition, petitioner mailed to the property addresses on record a postjudgment notice titled "March 31, 2021 PAYMENT DEADLINE." This notice explained, among other things, that any person with an interest in the property immediately before foreclosure became effective had a right to file a claim for remaining proceeds, if any, as provided by MCL 211.78t. The notice also explained that, in order to make a claim, the claimant had to submit a notice of intention on Department of Treasury Form 5743 "**NO LATER THAN JULY 1, 2021.**"

Claimants did not timely submit notice to petitioner of their intent to claim an interest in their remaining proceeds; Schwerin never submitted a notice of intention, and both Myers and Corke submitted their notices of intention in August 2021. The properties were sold at auction, and the proceeds applied to claimants' delinquent property taxes, interests, penalties, and fees. Claimants moved for disbursement of the proceeds that remained after the satisfaction of their tax debts and related costs. At the hearings on claimants' motions for disbursement, petitioner's counsel informed the trial court that claimants had not filed notices of intention that were timely under § 78t and acknowledged that some courts had strictly enforced the notice deadline, while others had not. The trial court granted claimants' motions without comment on the statutory deadline. Petitioner now appeals.

# II. JURISDICTION

As a threshold matter, claimants contend that this Court does not have jurisdiction to hear this appeal because petitioner lacks standing. According to claimants, petitioner is not an "aggrieved party" because it has no pecuniary interest in the outcome of the proceeding. Claimants argue that petitioner's only interest in the proceeding is its sales proceeds, which it already received. The only authority cited by claimants is a case describing the requirement that an aggrieved party "must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286; 715 NW2d 846 (2006). However, claimants do not cite any authority supporting their position that the State Treasurer lacks standing to act on behalf of an FGU. Moreover, *Federated Ins Co* was a case in which the attorney general was not a party in the trial court or this Court but then attempted to seek leave in the Supreme Court despite neither party having done so. *Id*. at 289, 297. In contrast, in this case petitioner has been a party since the beginning. More generally, we disagree with the premise that a governmental actor such as the State Treasurer necessarily must have a narrow financial interest to have standing to pursue litigation or an appeal as opposed to having some ability to litigate in the public interest with respect to matters within its responsibilities. Therefore, given the absence of authority in support of their position, we conclude that petitioner has failed to raise a meritorious jurisdictional challenge.

## III. ANALYSIS

Petitioner contends that the trial court erred by awarding tax-foreclosure sales proceeds to claimants who did not timely comply with the notice requirements of MCL 211.78t(2). We agree.

In 2020, the Michigan Supreme Court held that former owners of properties sold at tax-foreclosure sales for more than what was owed in taxes, interests, penalties, and fees had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020). This right continued to exist after fee simple title to the properties vested with the FGU. The FGU's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of our 1963 Constitution," and the former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 484-485.

In response to *Rafaeli*, our Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. 2020 PA 256 added MCL 211.78t to the General Property Tax Act (GPTA), MCL 211.1 *et seq*. That statute provides the means for foreclosed property owners to claim and receive any applicable surplus from the tax-foreclosure sales of their former properties. A subsection of that statute, § 78t(2), requires property owners whose homes were sold or transferred after July 17, 2020, the date that *Rafaeli* was issued, and who intend to claim any surplus proceeds from the sale or transfer to notify the FGU of their intention by completing and submitting a single-page form, i.e., Form 5743, by the July 1 immediately following the effective date of the foreclosure of their properties. In the January immediately following the sale or transfer of foreclosed properties, the FGU notifies the claimants whether there is a surplus in proceeds and tells them that they may file a motion to recover any remaining proceeds payable to them. MCL 211.78t(3)(k).

This Court held in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 5, that the Legislature intended MCL 211.78t to be the exclusive mechanism for claiming and recovering remaining proceeds following tax foreclosures. For properties transferred or sold after July 1, 2020, a claimant seeking remaining proceeds *must* notify the FGU by the July 1 immediately following the effective date of the foreclosure. MCL 211.78t(2). Claimants who fail to comply with the notice requirement in § 78t(2) forfeit their rights to obtain remaining proceeds. *Muskegon Treasurer*, ___ Mich App at ___; slip op at 3, 9. This Court's published opinion in *Muskegon Treasurer* is dispositive, and we are bound to follow it under the principles of stare decisis. See MCR 7.215(J)(1); *Pew v Mich State Univ*, 307 Mich App 328, 334; 859 NW2d 246 (2014).

The effective date of the foreclosure of the present claimants' properties was March 31, 2021. Similar to the respondents in *Muskegon Treasurer*, claimants failed to provide timely notice of their intention to claim the remaining proceeds, as is required pursuant to MCL 211.78t(2). Therefore, similar the respondents in *Muskegon Treasurer*, claimants forfeited their rights to obtain remaining proceeds. Thus, the trial court erred with respect its interpretation and application of MCL 211.78t when it granted claimants' motions for disbursement of remaining proceeds. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 3, 9.

Schwerin[2] suggests a number of alternative grounds upon which the trial court's order granting his motion for disbursement may be affirmed. See *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) (indicating that an appellee may argue alternative grounds for affirmance that do not enhance the decision for the appellee beyond that rendered by the trial court).

First, he contends that the trial court's order may be affirmed on the basis that MCL 600.2301 authorizes the court to disregard procedural defects in the interests of justice. Schwerin cites no authority supporting the proposition that a trial court furthers justice by disregarding the plain requirements of a duly enacted statute that passes constitutional muster. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 12 (indicating that the Legislature's scheme for claiming any proceeds that remain after the sale or transfer of property and the satisfaction of the tax debt and associated costs passes constitutional muster). Rather, the gravamen of Schwerin's argument is that enforcing the July 1 deadline for submitting Form 5743 results in an unreasonably harsh consequence that does not further justice. However, that argument has already been rejected. In *Muskegon Treasurer*, ___ Mich App at ___; slip op at 7, this Court concluded that application of the harsh-and-unreasonable consequences exception to the enforcement of § 78t(2)'s notice deadline was unwarranted because the respondents "had an opportunity to begin the process of recovering [remaining] proceeds through the minimally burdensome completion of a single-page form." The same reasoning applies with equal force in the present case.

Schwerin next argues that the trial court properly granted his motion to disburse because he substantially complied with § 78t(2)'s notice requirement. Schwerin contends that substantial compliance is achieved when the purposes of the requirement at issue are fulfilled. However, the authority upon which he relies are cases involving statutory schemes that had substantial-compliance provisions and in which notice was timely, just not in the required form. See *Vugterveen Sys, Inc v Olde Millpond Corp*, 454 Mich 119, 130-131; 560 NW2d 43 (1997), and *Arnold Transit Co v City of Mackinac Island*, 99 Mich App 266, 274-275; 297 NW2d 904 (1980), aff'd 415 Mich 362 (1982). MCL 211.78t does not have a substantial-compliance provision. Moreover, even in statutory schemes that have a substantial-compliance provision, such "provision should not be interpreted to nullify altogether the general rule that statutes should be interpreted consistent with their plain and unambiguous meaning." *Northern Concrete Pipe, Inc, v Sinacola Cos-Midwest, Inc*, 461 Mich 316, 321; 603 NW2d 257 (1999). In short, neither logic nor caselaw supports Schwerin's contention that *noncompliance* with § 78t(2)'s notice requirements may be deemed *substantial* compliance.

Schwerin next argues that the unconstitutionality of MCL 211.78t provides alternate grounds for affirming the trial court's order. He contends that if MCL 211.78t is the sole means of claiming any extra proceeds from the transfer or sale of foreclosed properties, then the statute violates constitutional prohibitions against taking private property for public use without just compensation, as well as procedural and substantive due-process protections. This Court considered and rejected substantially similar arguments in *Muskegon Treasurer*, ___ Mich App at ___; slip op at 7-11, and we need not repeat that reasoning here. See also *In re Petition of Barry*

---

[2] Myers and Corke are acting *in propria persona* and did not file appellate briefs.

*Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 362316); slip op at 5.

Schwerin also contends that petitioner's retention of the 5% "sales commission" authorized by MCL 211.78t(9) is an unconstitutional taking. We need not address this claim because our disposition of this appeal means that Schwerin will not be subject to the sales commission. See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 11.

Lastly, Schwerin asserts that a constructive trust should be imposed over his remaining proceeds to prevent petitioner's unjust enrichment. Unjust enrichment is a theory that has no application to the present case. MCL 211.78m(8) mandates how FGUs are to use the monies from tax-foreclosure sales and leaves FGUs no discretion to disburse remaining proceeds to foreclosed property owners who did not comply with the requirements of MCL 211.78t. An FGU's compliance with the statutory scheme cannot provide grounds for imposing a constructive trust. See *Kammer Asphalt Paving Co, Inc v East China Twp Schs*, 443 Mich 176, 188; 504 NW2d 635 (1993). Under these circumstances, an equitable remedy such as the imposition of a constructive trust would contravene the Legislature's clearly stated intent and essentially nullify MCL 211.78t.

## IV. CONCLUSION

We conclude that the trial court erred with respect to its interpretation and application of MCL 211.78t. None of Schwerin's alternative arguments convince us otherwise. Accordingly, this case is reversed and remanded to the circuit court for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michelle M. Rick